NOBLE, Respondent, vs. GARVENS and another, Appellants.

*May 9—June 18, 1928.*

*Carl Heim* of Milwaukee, for the appellants.

For the respondent there was a brief by *Perry & Perry* of Milwaukee, and oral argument by *Charles B. Perry*.

CROWNHART, J.   There are no assignments of error in the trial. The only question raised by the defendants on this appeal is the claim that defendants were excused from performance by reason of facts beyond their control. It appears that, shortly after the contract was entered into, a public utility commenced condemnation proceedings for a right of way across the farm, and under such proceedings procured the right of way and paid the award of damages into court, which award defendants withdrew pursuant to statute. The utility appealed from the award, and at the time the plaintiff procured purchasers for the farm the appeal was pending.

Defendants claim that by reason of such condemnation they were unable to give clear title. It appears that plaintiff knew of the condemnation proceedings, and that at the time he produced his purchasers the defendants demanded that the sale be consummated on terms that the purchasers protect the defendants from the pending court proceedings, which the purchasers agreed to do, and thereafter were willing to accept such farm subject to such condition, and pay for the same on the terms provided in the contract of agency.

Later the defendants declined to go through with the contract as agreed.

It clearly appears from the evidence that plaintiff earned his commission by producing a purchaser of the farm, according to his agency contract with defendants, and the purchasers were willing to accept title to the farm subject to the condemnation proceedings, and to protect defendants from liability thereon.

Such being the case, the defendants may not successfully claim that they were unable to perform because of conditions beyond their control. No such conditions existed. They could perform to the satisfaction of the purchasers produced by plaintiff, and the fault lay entirely with the defendants that the sale was not made. Plaintiff should not suffer by such failure.

The questions of law presented are quite beside the mark. The matter to be decided is one of fact and good faith. Defendants are liable for the commission earned by plaintiff under the contract.

*By the Court.*—The judgment of the circuit court is affirmed.